# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

STARZ ENTERTAINMENT, LLC,
STARZ, LLC,
STARZPLAY MANAGEMENT US, LLC
and STARZPLAY US, LLC

          Plaintiffs/Counter-Defendants,

     v.

VL COLLECTIVE IP, LLC and
VIDEOLABS, INC.,

          Defendants/Counter-Plaintiffs.

C.A. No. 21-1448-JLH

**JURY TRIAL DEMANDED**

## AMENDED JOINT CLAIM CONSTRUCTION CHART

Pursuant to the Scheduling Order entered in the above-captioned action (*see* D.I. 18), Plaintiffs/Counter-Defendants Starz Entertainment, LLC, Starz, LLC, StarzPlay Management US, LLC and StarzPlay US, LLC (collectively, "Starz"), and Defendants/Counter-Plaintiffs VL Collective IP, LLC and VideoLabs, Inc. (collectively, "VideoLabs"), hereby submit this Amended Joint Claim Construction Chart identifying the parties' proposed claim construction positions with respect to claims 1, 2, 4, 5, 6, 7, 8, and 9 of U.S. Patent No. 7,233,790 (the "'790 patent"), claims 1, 2, and 4 of U.S. Patent No. 7,440,559 (the "'559 patent"), and claims 1, 3, 5, 9, 12, 13, 15, 16, 17, 20, and 21 of U.S. Patent No. 8,605,794 (the "'794 patent") (collectively the "Asserted Claims of the Asserted Patents"), which have been

asserted against Starz by VideoLabs, as set forth in VideoLabs' Amended Disclosure of Asserted Claims and Infringement Contentions, served May 27, 2022, and as amended by the parties' Stipulation of Partial Dismissal, filed November 9, 2022 (*see* D.I. 76).

Nothing contained herein should be understood or deemed to be an express or implied admission with respect to the alleged infringement or invalidity of any asserted claim.

Attached as Appendix A are tables identifying the claim terms that remain in dispute. For each disputed term, the parties provide their respective proposed constructions and citations to the intrinsic evidence in support of their respective constructions, as set forth in the parties' Joint Claim Construction Brief (*see* D.I. 78).

The parties reserve the right to rely on additional intrinsic evidence to the extent it is necessary to provide additional context or to rebut arguments made by the other party during claim construction briefing. The parties further reserve the right to rely on any intrinsic evidence identified by the other party. The parties also reserve their rights to rely on extrinsic evidence.

The parties rely on the Asserted Patents, the claims of the Asserted Patents, the written descriptions of the Asserted Patents, the prosecution histories of the Asserted Patents, patents and applications to which the Asserted Patents claim

priority, including any related patents or patent applications related to the Asserted Patents, and extrinsic evidence.  The parties' citations to passages from a particular Asserted Patent's written description are intended to include all figures referenced therein, whether or not referenced.

Indefiniteness Arguments:   Consistent with the parties' understanding of the Court's claim construction practice and the applicable rules, and pursuant to the parties' stipulation, the parties reserve—and do not waive—their respective arguments concerning the indefiniteness (or lack of indefiniteness) of any term, and intend to address such issues at a later stage.  There are, however, certain terms for which the parties ask the court to address indefiniteness at this stage: "assignment rule for assigning each one of the content-related second data segments to one of the content-related first data segments," "assignment rule for assigning each one of the content-related second data segments to each one of the content-related first data segment," "assignment rule," and "the assignment rule is not based on a timestamp," in the '794 patent, the alleged indefiniteness of which is raised by certain requested claim constructions.    For the Court's reference, and to avoid any waiver, Starz includes in Appendix B a list of terms it believes to be indefinite.  VideoLabs opposes, and does not agree to or concede, any argument that such terms are indefinite.

<u>Stipulated Constructions:</u> The parties have stipulated to the following constructions:

| '794 Patent | |
|---|---|
| **Claim Terms/Phrases** | **Agreed Upon Construction** |
| "output" / "outputting"<br><br>(Claims 1, 9) | "transmitted, stored together, or passed on to a processing unit" / "transmitting, storing together, or passing on to a processing unit" |
| Preambles<br><br>(Claims 1, 9) | The preambles are construed to be limiting. In addition to the other limitations set forth in the preamble, the referenced first data file and second data file cannot be the same data file. |

<u>Copies of Patents:</u>  Copies of the patents and portions of the prosecution histories relied upon by the parties during claim construction were provided in the parties' Joint Appendix (*see* D.I. 79).

# APPENDIX A

## I.   TERMS NEEDING CONSTRUCTION AND PROPOSED CONSTRUCTIONS

The parties identify the following terms, phrases, or clauses, as well as phrases and clauses including such term, phrase, or clause, that should be construed, along with their corresponding proposed constructions and citations to intrinsic support therefor as follows:

### a.   '790 Patent

| Claim Terms/Phrases | VideoLabs' Proposed Construction and Intrinsic Evidence | Starz's Proposed Construction and Intrinsic Evidence |
|---|---|---|
| "wireless communication devices" / "wireless device"<br><br>(Claims 1, 2, 4, 5, 6, 7, 8, 9) | No construction necessary<br><br>Alternatively, if the Court decides to construe the term, "an electronic or electrical device capable of remote wireless communication, including Internet access"<br><br>**Intrinsic Evidence:**<br><br>'790 patent at Abstract; 1:22-59, 3:48-56, 4:1-8; 4:30-32; 15:11-18; Claims 1, 2, 4, 5, 6, 7, 8, 9 | "Personal mobile communication and computing devices, such as cellular telephones, personal digital assistants (PDAs) and two-way pagers"<br><br>**Intrinsic Evidence:**<br><br>'790 patent at Title, Abstract; 1:22-2:37, 4:9-11, 4:26-32, 6:60-66, 8:37-51; FIGS. 1, 2, 11, 13; Claims 1, 2, 4, 5, 6, 7, 8, 9 |

| "content" / "digital content" / "product" / "digital product" (Claims 1, 2, 4, 5, 6, 8, 9) | No construction necessary<br><br>Alternatively, if the Court decides to construe the term, "software and/or data embodying a file for delivery or purchase by a customer"<br><br>**Intrinsic Evidence:**<br>'790 patent at Title; Abstract; 1:40-2:16, 3:45-4:33, 4:41-43, 5:50-62, 6:46-55, 7:4-22; FIGS. 1, 11; Claims 1, 2, 4, 8, 9 | "Software and/or data embodying a file for purchase by a wireless services subscriber and/or telecommunications subscriber"<br><br>**Intrinsic Evidence:**<br>'790 patent at Title, Abstract; 1:40-45, 3:45-60, 4:1-6, 4:26-32, 4:65-5:4, 6:32-7:22, 7:31-45, 13:16-24; FIGS. 1, 2, 5, 11, 13; Claims 1, 2, 4, 5, 6, 8, 9 |
|---|---|---|
| "implementation" (Claims 1, 2, 4, 8, 9) | No construction necessary<br><br>Alternatively, if the Court decides to construe the term, "one or more binary files (or "binaries"), software files, software applications, and/or executable files representing a product"<br><br>**Intrinsic Evidence:** | "One or more binary files (or "binaries"), software applications, and/or executable files representing a product"[1]<br><br>**Intrinsic Evidence:**<br>'790 patent at Abstract; 2:7-16, 3:45-60, 9:37-62, 13:22-24, 15:1-7; FIGS. 5-6; Claims 1, 2, 4, 8, 9 |

---

[1] This proposal is different from Starz's proposal set forth in the Joint Claim Construction Chart. This construction was proposed by Starz to VideoLabs on September 7, 2022, as part of an ongoing meet and confer. VideoLabs rejected this proposal.

| | '790 patent at Abstract; 9:37-62, 13:22-24; FIGS. 5, 6; Claims 1, 2, 4, 8, 9 | |
| --- | --- | --- |

**b.  '559 Patent**

| Claim Terms/Phrases | VideoLabs' Proposed Construction and Intrinsic Evidence | Starz's Proposed Construction and Intrinsic Evidence |
| --- | --- | --- |
| "download"<br><br>(Claims 2, 4) | No construction necessary<br><br>Alternatively, if the Court decides to construe the term, "transfer to the terminal"<br><br>**Intrinsic Evidence:**<br><br>'559 patent at Abstract; 1:30-36, 4:15-18, 6:38-42, 6:51-65, 7:12-26, 10:25-44, 10:45-59, 11:6-30, 11:31-53, 11:54-12:3, 12:4-12:30, 13:4-10, 13:51-64, 13:65-14:23; FIGS. 2, 3, 5, 6; Claims 3, 7, 8, 10, 12 | Plain and ordinary meaning, i.e., "Copy and store in memory of the terminal for subsequent use"<br><br>**Intrinsic Evidence:**<br><br>'559 patent at 2:40-44, 6:57-65, 7:60-67, 11:56-61, 12:18-30, 13:38-64; FIG. 6; Claims 2, 3, 4 |

### c.  '794 Patent

| Claim Terms/Phrases | VideoLabs' Proposed Construction and Intrinsic Evidence | Starz's Proposed Construction and Intrinsic Evidence |
|---|---|---|
| "assignment rule for assigning each one of the content-related second data segments to one of the content-related first data segments" /<br><br>"assignment rule for assigning each one of the content-related second data segments to each one of the content-related first data segment" /<br><br>"assignment rule" /<br><br>"the assignment rule is not based on a timestamp" | "assignment rule for assigning each one of the content-related second data segments to one of the content-related first data segments, wherein the assignment is not performed by using exact timing information for the data segments (e.g., by using data segment timestamp information)"<br><br>**Intrinsic Evidence:**<br><br>'794 patent at Abstract; 1:23-2:20, 2:28-3:37, 3:67-7:26; FIGS. 1-5; Claims 1-4, 6-11, 13-15, 18-19, 22<br><br>File History: 2012/04/11 Amendment & Request for Reconsideration; 2012/06/29 Final Rejection; 2013/05/08 Final Rejection; 2013/08/01 Notice of Allowance | Indefinite<br><br>**Intrinsic Evidence:**<br><br>'794 patent at Abstract; 2:28-3:3, 3:29-39, 5:10-21, 5:59-6:42, 7:4-20; Claims 1, 3, 9, 16, 17, 20, 21<br><br>File History: 2012/04/11 Amendment & Request for Reconsideration; 2012/11/29 Final Rejection; 2013/08/01 Notice of Allowance |

| | | |
|---|---|---|
| (Collectively, the "assignment rule limitations")<br><br>(Claims 1, 3, 9, 16, 17, 20, 21) | Panis G. et al., "Bitstream Syntax Description: A Tool for Multimedia Resource Adaptation within MPEG-21. Signal Processing, Image Communication, Elsevier Science Publishers, Amsterdam, NL, Volume 18, No. 8, Sep. 2003, pages 721-747, ISSN: 0923-5965 | |
| "content-related … data segments"<br><br>(Claims 1, 3, 7, 8, 9) | "data segments ordered in a file such that they will present the file's contents in their intended presentation order when rendered sequentially"<br><br>**Intrinsic Evidence:**<br>'794 patent at Title, Abstract; 1:23-2:20, 2:28-46, 2:55-3:3, 3:20-39, 3:67-7:20; FIGS. 1-5; Claims 1, 5-9, 12-15, 20-22<br><br>File History: 2012/06/29 Final Rejection; 2012/11/29 Response After Final Rejection<br><br>Panis G. et al., "Bitstream Syntax Description: A Tool for Multimedia Resource Adaptation within MPEG-21. | "segments of content data that have a syntactical meaning within the respective data file"<br><br>**Intrinsic Evidence:**<br>'794 patent at Title, Abstract; 4:14-22, 2:28-35, 4:49-53; FIG. 1; Claims 1, 3, 7, 8, 9 |

| | Signal Processing, Image Communication, Elsevier Science Publishers, Amsterdam, NL, Volume 18, No. 8, Sep. 2003, pages 721-747, ISSN: 0923-5965 | |
|---|---|---|

**Appendix B**

Consistent with the parties' understanding of the Court's claim construction practice and the applicable rules, and pursuant to the parties' stipulation, the parties reserve—and do not waive—their respective arguments concerning the indefiniteness (or lack of indefiniteness) of any term and intend to address such issues at a later stage. Accordingly, the parties respectfully submit that the Court need not address indefiniteness at this stage. There are, however, certain terms for which the parties ask the court to address indefiniteness at this stage: "assignment rule for assigning each one of the content-related second data segments to one of the content-related first data segments," "assignment rule for assigning each one of the content-related second data segments to each one of the content-related first data segment," "assignment rule," and "the assignment rule is not based on a timestamp," in the '794 patent, the alleged indefiniteness of which is raised by certain requested claim constructions. Solely, for the Court's reference, and to avoid any waiver, the parties include in this Appendix B a list of terms that Starz believes to be indefinite. VideoLabs opposes, and does not agree to or concede, any argument that such terms are indefinite.

### a.  '790 Patent

| Claim Terms/Phrases |
|---|
| "provisioning model" / "provisioning models"<br><br>(Claims 5, 6, 7) |

### b.  '559 Patent

| Claim Terms/Phrases |
|---|
| "a content status including terminal status information"<br><br>(Claim 1) |

### c.  '794 Patent

| Claim Terms/Phrases |
|---|
| "each of the content-related second data segments is output together with an associated one of the content-related first data segments on the basis of an assignment rule for assigning each one of the content related second data segments to one of the content-related first data segments" |

| (Claim 1) |
| --- |
| "each of the content-related second data segments being output together with an associated one of the content-related first data segments based upon of an assignment rule for assigning each one of the content-related second data segments to each one of the content-related first data segment"<br><br>(Claim 9) |
| "device for synchronizing" / "synchronization device" / "device"<br><br>(Claims 1, 9, 17, 21) |
| "for each of the content-related second data segments, the content-related first data segments are assigned by specification of a number"<br><br>(Claim 3) |
| "predefinable"<br><br>(Claims 16, 17) |

RICHARDS, LAYTON &
FINGER P.A.

___/s/ Kelly E. Farnan___
Kelly E. Farnan (#4395)
Nicole K. Pedi (#6236)
One Rodney Square
920 North King Street
Wilmington, DE 19801
(302) 651-7700
farnan@rlf.com
pedi@rlf.com

*Attorneys for Plaintiff/Counter-
Defendant Starz Entertainment, LLC,
Starz, LLC, StarzPlay Management
US, LLC and StarzPlay US, LLC*

OF COUNSEL:
Timothy J. Carroll
Abby M. Neu
Venable LLP
227 W Monroe St, Suite 3950
Chicago, IL 60606

Manny J. Caixeiro
Venable LLP
2049 Century Park East, Suite 2300
Los Angeles, CA 90067

Eric T. Harmon
Venable LLP
600 Massachusetts Avenue, NW
Washington, DC 20001

Dated: November 18, 2022

FARNAN LLP

___/s/ Brian E. Farnan___
Brian E. Farnan (#4089)
Michael J. Farnan (#5165)
Farnan LLP
919 N. Market St., 12th Floor
Wilmington, DE 19801
Telephone: (302) 777-0300
Fax: (302) 777-0301
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

*Attorneys for Defendants/Counter-
Plaintiffs VL Collective IP, LLC and
VideoLabs, Inc.*

OF COUNSEL:
Christine E. Lehman
Reichman Jorgensen Lehman
& Feldberg LLP
1909 K St, NW, Suite 800
Washington, DC 20006

Wesley L. White
Jaime F. Cardenas-Navia
Reichman Jorgensen Lehman
& Feldberg LLP
750 Third Avenue, Suite 2400
New York, NY 10017

Taylor N. Mauze
Reichman Jorgensen Lehman
& Feldberg LLP
7500 Rialto Blvd., Ste. 1-250
Austin, Texas 78735