Kelly E. Farnan
302-651-7705
farnan@rlf.com



January 3, 2024

**BY CM/ECF AND HAND DELIVERY**

The Honorable Jennifer L. Hall
United States District Court
844 North King Street
Wilmington, DE 19801

> RE:   ***Starz Entertainment, LLC et al. v. VL Collective IP, LLC, et al.***,
>        **C.A. No. 21-1448-JLH**

Dear Judge Hall:

    We write on behalf of Plaintiffs/Counter-Defendants (Starz) to request a teleconference to discuss issues arising from a recent IPR decision invalidating the majority of the asserted claims of Defendants/Counter-Plaintiff's (VideoLabs) asserted U.S. Patent No. 8,605,794, as well as other pending IPRs that could dispose of this case in its entirety.

    VideoLabs presently asserts 20 claims across 3 patents. 11 of those claims are from the '794 Patent: independent claims 1 and 9 and dependent claims 3, 5, 12, 13, 15, 16, 17, 20, and 21. On December 18, 2023, the PTAB issued a final written decision in IPR2022-01086 brought by Unified Patents, LLC against the '794 Patent. *See* Ex. A hereto. Starz was not a party to that IPR. The PTAB held that claims 1, 3, 5, 9, 12, 13 and 15 of the '794 Patent are invalid over the "Sonohara" reference. VideoLabs has neither notified the Court of the IPR decision nor withdrawn any of the invalidated claims in this action.

    Starz respectfully submits that it should be permitted to file additional summary judgment and *Daubert* motions and that those motions will streamline this case. Specifically, in the IPR, VideoLabs saved two dependent claims (20 and 21) from invalidation by convincing the PTAB to ascribe a certain meaning to language in those claims; however, there can be no reasonable dispute that Starz does not infringe claims 20 and 21 under the interpretation the VideoLabs advocated for and the PTAB accepted. At minimum, there is a claim construction issue to be resolved. In addition, Starz seeks to address the fact that VideoLabs' damages expert has not offered any damages analysis that reliably quantifies the value of the few remaining claims (all of which are dependent of invalidated independent claims) of the '794 Patent, as opposed to valuing the patent as a whole and/or inclusive of the now-invalidated claims.

    Moreover, Starz believes a stay would be appropriate because the Court and the parties are on the verge of devoting substantial resources to pretrial filings, the pretrial conference (scheduled for February 27) and trial (scheduled for March 11)—however, all remaining asserted patents and claims are subject to additional pending IPRs. Specifically, VideoLabs' other two asserted patents

The Honorable Jennifer L. Hall
January 3, 2024
Page 2

(7,440,559 and 7,233,790) are subject to IPRs filed by Netflix (IPR2023-00630 and IPR2023-00628)—each of which was instituted by the PTAB on October 3, 2023.[1]  And the 4 remaining asserted claims of the '794 Patent are also subject to an IPR filed by Netflix (IPR2023-00891), where an institution decision is due by January 20, 2024.  Holding the upcoming trial in this context creates an extremely high risk of inconsistent results and waste.

Given the proximity to trial, Starz would like to discuss streamlined methods (i.e. through letter briefing or otherwise) to present these issues to the Court and to avoid burdening the Court with extensive briefing on these issues.  Starz respectfully requests a teleconference to discuss these procedures and welcomes the opportunity to provide written submissions in advance if helpful to the Court.

Respectfully,

*/s/ Kelly E. Farnan*

Kelly E. Farnan (#4395)

Attachment
cc: All Counsel of Record (CM/ECF)

---

[1] Starz further notes that in case number 1:22-cv-229 pending in this District before visiting judge Joel H. Slomsky, Netflix has filed a motion to dismiss each asserted patent on eligibility (Section 101) grounds.  That motion is fully briefed, argued, and has been pending for almost a year.