Kelly E. Farnan
302-651-7705
farnan@rlf.com



January 9, 2024

**BY CM/ECF AND HAND DELIVERY**
The Honorable Jennifer L. Hall
United States District Court
844 North King Street
Wilmington, DE 19801

Re:   *Starz Entertainment, LLC et al. v. VL Collective IP, LLC, et al.*, C.A. No. 21-1448-JLH

Dear Judge Hall:

Starz submits this letter in support of its request to stay this action in view of IPRs pending for each of VideoLabs' asserted patents and in view of the PTAB's recent invalidation of nearly half of the claims at issue in this case. The Court and the parties are on the verge of devoting substantial resources toward pretrial and trial. Indeed, there are multiple summary judgment and *Daubert* motions to be argued and decided, the final pretrial conference is scheduled for February 27, 2024, and trial is set to begin on March 11, 2024. Yet, the scope of the asserted patents is changing due to multiple pending IPRs—not to mention that VideoLabs is changing its positions about the meaning of certain claim language as it attempts to navigate the IPRs. Judicial efficiency, and avoidance of inconsistent results and waste, counsel strongly in favor of staying this case until all of these IPRs are resolved.

**Background on Pending IPRs:** VideoLabs asserts 20 claims across three patents: claims 1, 3, 5, 9, 12, 13, 15, 16, 17, 20, 21 of U.S. Patent No. 8,605,794; claims 2, 4, 5, 6, 7, 9 of U.S. Patent No. 7,233,790; and claims 1, 2, 4 of U.S. Patent No. 7,440,559. On December 18, 2023, the PTAB issued a final written IPR decision that invalidated claims 1, 3, 5, 9, 12, 13, and 15 of the '794 Patent, leaving only four asserted claims standing.[1] D.I. 343-1. VideoLabs characterizes the PTAB's decision as "provisional[]" and has expressed its right to seek rehearing and appeal—during the pendency of which it may proceed in parallel, in this case, on claims that the PTAB has already declared invalid. And Netflix has filed an additional IPR (IPR2023-00891) covering the remaining four claims of the '794 Patent, where an institution decision is due by January 20, 2024.[2]

---

[1] Claims 16 and 17 were not at issue in the IPR and Claims 20 and 21 survived only because VideoLabs took, and the PTAB has now adopted, a position on the meaning of claim language that contradicts VideoLabs' infringement position in this case. Specifically, VideoLabs persuaded the PTAB that an "assignment rule" is "based on a time stamp"—and therefore outside the scope of Claims 20 and 21—if the assignment rule is based on either (i) unit time of audio data and image data that are of the exact same time duration, or (ii) specific points in time at which corresponding unit times are reproduced. D.I. 343-1 at 46. This theory contradicts, and cannot be reconciled with, VideoLabs' infringement positions in this case.

[2] During the January 8, 2024 teleconference, VideoLabs suggested that Netflix should be barred from pursuing its IPRs because it became a member of Unified Patents. While the legal basis for

The Honorable Jennifer L. Hall
January 9, 2024
Page 2

Moreover, on October 3, 2023, the PTAB instituted two more IPRs, each filed by Netflix, covering all asserted claims of the '790 Patent (IPR2023-00628) and '559 Patent (IPR2023-00630).

**Standards for Granting Stay:** "A decision to stay litigation lies within the sound discretion of the court and represents an exercise of the court's inherent power to conserve judicial resources by controlling its own docket." *Tigercat Int'l, Inc. v. Caterpillar Inc.*, No. 16-1047-GMS, 2018 WL 2049816, at *2 (D. Del. May 2, 2018). Courts consider three factors when deciding to stay a case pending IPR: (1) simplification of issues for trial; (2) status of the litigation; and (3) undue prejudice or tactical advantage. *Round Rock Rsch. LLC v. Dole Food Co.*, No. 11-1239-RGA, 2012 WL 1185022, at *1 (D. Del. Apr. 6, 2012).

**Factor #1: A Stay Would Simplify the Issues for Trial:** Whether a stay "is likely to simplify the issues at trial" is the "most important" factor to consider. *British Telecommunications PLC v. IAC/InterActiveCorp et al.*, No. 18-366-WCB, 2020 WL 5517283, at *9 (D. Del. Sept. 11, 2020). Here, the IPRs will simplify, and likely eliminate, issues in trial. The IPRs cover all asserted claims of each asserted patent and are likely to result in (at minimum) the invalidation of certain claims on which VideoLabs is proceeding to trial. This is not mere speculation, as evidenced by the PTAB's recent invalidation of almost all asserted claims in the '794 Patent. And, by instituting additional IPRs on the '790 and '559 Patents, the PTAB has expressed that there is a reasonable chance that claims from those patents will also be invalidated. Indeed, the PTAB's latest statistics confirm only 7% of patents survive an IPR with all claims intact—so there is a substantial likelihood that the asserted patents' scope will be changing as a result of the IPRs.[3] In fact, a stay may even "dispose of the entire litigation," which is "the ultimate simplification of issues." *VirtualAgility Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307, 1314 (Fed. Cir. 2014).

Should any claims survive the IPRs, Starz will agree to be estopped from challenging the validity of those surviving claims based on anticipation and obviousness grounds and references that were raised and decided in the IPRs. This is consistent with the approach approved by this Court in *Wildcat Licensing Wi LLC v. Bayerische Motoren Werke AG*, No. 19-834-MN-JLH, 2020 WL 6940038, at *1 (D. Del. Nov. 25, 2020) (Hall, J.) (ordering "a limited IPR estoppel" as to non-petitioner parties). This will, at minimum, significantly reduce the scope of Starz's prior-art based invalidity defenses at trial—which is another form of simplification.

**Factor #2: The Status of the Case Warrants a Stay:** The Court and the parties are about to embark on the highly burdensome and time-consuming pretrial and trial periods. Eventually, these burdens will extend to the jurors and the witnesses, who will be compelled to participate in a trial concerning patents whose scope and meaning are in flux due to the pending IPRs. Because "preparation for trial, going through the trial process, and engaging in post-trial motion practice" are the "most burdensome parts of the case," this is an appropriate time to consider a stay. *British Telecommunications*, 2020 WL 5517283, at *6 (staying case three months before trial); *see also*

---

that claim is unclear, Starz has no ability to even respond because it is not a party to VideoLabs' dispute with Netflix nor has VideoLabs ever disclosed anything to Starz related to Netflix.

[3] *See* https://www.uspto.gov/sites/default/files/documents/ptab_aia_fy2023__roundup.pdf

The Honorable Jennifer L. Hall
January 9, 2024
Page 3

*Smartflash LLC v. Apple Inc.*, 621 F. App'x 995, 1005 (Fed. Cir. 2015) ("[T]he most burdensome task is yet to come"); *TC Tech. LLC v. Sprint Corp.*, No. 16-153-WCB, 2021 WL 4521045, at *7 (D. Del. Oct. 4, 2021) (granting stay less than two months before trial because "the most burdensome parts of the case for the parties and the court all lie in the future"); *Ethicon LLC v. Intuitive Surgical, Inc.*, No. CV 17-871-LPS, 2019 WL 1276029, at *1 (D. Del. Mar. 20, 2019) (granting stay after expert discovery was "largely complete[],").

Consistent with the above-referenced cases, the Court's analysis of this factor should be guided by the amount of work ahead—and the fact that it could be rendered moot by the IPRs or result in inconsistent decisions that require *additional* litigation to resolve. VideoLabs, on the other hand, would have the Court focus on the past. It is quick to mention that the parties engaged in a rigorous discovery process and that this case was initiated by Starz as a declaratory action (albeit, only after VideoLabs accused Starz of infringement). VideoLabs misses the point; what should dictate the outcome of this stay motion is the efficiency and simplification that is gained going forward and the risks associated with moving forward despite the IPRs—not sunk costs and burdens.

**Factor #3: VideoLabs Will Not Suffer Undue Prejudice or Clear Tactical Disadvantage:**
VideoLabs will not be unduly prejudiced by a stay. At the January 8, 2024 teleconference, VideoLabs argued that it will be prejudiced by the delay in enforcing its patent rights. But the law is clear that the delay inherent in a motion to stay is not "undue prejudice" and alone cannot defeat a motion to stay. *British Telecommunications*, 2020 WL 5517283, at *6 (collecting cases). Nor does the general interest in having one's patent rights promptly enforced defeat a motion to stay. *Id.* at *7. This is amplified by the fact that VideoLabs is a patent assertion entity; this is not a case between competitors where a delay may impact the parties' respective market positions. If its patents survive the IPRs and it prevails at trial, VideoLabs can still seek monetary damages and prejudgment interest to account for any delay. *See VirtualAgility*, 759 F.3d at 1318 (a stay "will not diminish the monetary damages to which [a patentee] will be entitled if it succeeds in its infringement suit—it only delays realization of those damages"); *Princeton Digital Image Corp. v. Konami Digital Ent. Inc.*, No. 12-1461-LPS-CJB, 2014 WL 3819458, at *6 (D. Del. Jan. 15, 2014) ("Plaintiff is a non-practicing entity . . . . Plaintiff's damages, if any, are purely monetary and can be accommodated by the award of interest if it ultimately prevails.").

In an effort to create the appearance of prejudice at the teleconference, VideoLabs called this a "bellwether" case and claimed that other cases are looking to this Court for guidance. Even if that were true, it would not amount to cognizable prejudice. And VideoLabs ignores that those cases are in very early stages; in C.A. No. 22-229-JHS, Netflix has yet to even answer as the parties await resolution of a pending motion to dismiss,[4] and in C.A. No. 23-1136-JHS, Roku was just served the complaint two weeks ago and has until February 16, 2024 to file its answer. These two cases are so far away from trial that there is no reason to believe their trial schedules would be impacted by a stay of this case (not that any such impact should matter). Indeed, to the extent anything is serving as a bellwether, it is the IPRs—which weighs in favor of a stay.

---

[4] Netflix's motion—seeking to invalidate the asserted patents under 35 U.S.C. §101—has been pending for more than a year and could lead to further efficiency to the extent granted.

The Honorable Jennifer L. Hall
January 9, 2024
Page 4

                                              Respectfully,

                                              */s/ Kelly E. Farnan*

                                              Kelly E. Farnan (#4395)

cc:  All Counsel of Record (CM/ECF)